Argued March 7, affirmed March 21, 1950

## LERBACK et ux. *v.* ReMINE
216 P. (2d) 266

*George A. Rhoten,* of Salem, argued the cause for appellant. On the briefs were Rhoten & Rhoten and Sam F. Speerstra, of Salem.

*Asa L. Lewelling,* of Salem, argued the cause for respondents. With him on the brief was Cecil C. Wright, of Seaside.

Before Lusk, Chief Justice, and Brand, Belt, Rossman and Latourette, Justices.

**LATOURETTE, J.**

This appeal involves the question of whether or not appellant accepted an offer of respondents to sell to him certain timber and land situated in Marion County, Oregon.

On the 28th day of April, 1945, the plaintiffs and defendant entered into a certain written contract, by the terms of which plaintiffs agreed to sell to defendant all of the merchantable timber on a certain parcel of land in Marion County, Oregon. Defendant agreed to pay plaintiffs for said timber as the timber was cut at certain rates per thousand feet. The defendant went onto the property and started cutting timber. On the 15th day of October, 1946, plaintiffs sent to defendant the following offer:

> "I hereby offer for sale all of the timber located in Section 18, Twp. 9S, R. 4 E. WWM., Marion County, State of Oregon, together with all of the land in the S ½ of same section of which we are in position to give you title insurance.
>
> "The price is $27,000.00. Terms: $15,000.00 cash less the amount Mr. ReMine has paid on his contract to December 15, 1946. Balance of $12,000.00 due on or before July 15, 1947.

"Upon receipt of $12,000.00 title insurance and deed on S ½ of Sec. 18, Twp. 9S, R 4E. will be issued.

"The above to be considered as a 60 day option."

The 60-day option was later extended by plaintiffs to February 1, 1947.

On the 1st day of February, 1947, defendant issued a check in the amount of $8,500.00 to the Clatsop County Bank at Seaside, Oregon, and coincident therewith, filed with the Bank the following escrow instructions:

"I have handed you the sum of $8500.00, which I direct that you hold until you have received from Jens Lerback, and I have accepted, a contract of sale from him to myself, for the sale of all the timber located in Section 18, Twp. 9S R. 4 E. WWM., Marion County, State of Oregon.

"Upon receipt by you and acceptance by me, of the above described documents, you will pay over to Jens Lerback the funds herein deposited.

"If you have not received the above document, or I have not accepted it, on or before April 1, 1947, you will terminate the escrow and return the funds to me.

"This agreement is binding upon the heirs, executors, successors and/or assigns of all the parties hereto.

"It is expressly understood and agreed that the printed provisions on the reverse hereof are a part of these instructions to the same extent and effect as though typed hereon."

On the reverse side is the following:

"You shall have the right to retain and are hereby given a lien upon, all documents and other things of value at any time held by you hereunder until all your compensation, fees, costs and expense shall have been paid * * *."

Thereupon the Bank notified plaintiffs of such escrow instructions, but plaintiffs refused to accept the $8,500.00 and withdrew their offer.

Plaintiffs then brought action to recover payments due on the timber contract. Defendant by answer sought specific performance of the alleged offer and acceptance contract. The trial court denied specific performance and awarded the plaintiffs judgment in the sum of $1,853.16, being the amount which the defendant owed for timber already cut.

This appeal turns on the point of whether or not the deposit of $8,500.00 and escrow instructions amounted to an acceptance of the offer of plaintiffs to sell the timber and land involved. It is agreed that the amount defendant paid on the contract dated April 28, 1945, was the difference between the $15,000.00 and the $8,500.00 tendered. Plaintiffs contend that defendant's attempted acceptance of such offer did not meet the terms of the offer and was not an unqualified and unconditional acceptance thereof, whereas, defendant contends that such deposit and escrow instructions were unequivocal and unconditional and constituted a binding contract between the parties.

■ It is the law that where an offer to sell is made the acceptance of such offer must conform literally with the terms of the offer and must be unequivocal, absolute and unconditional. *Small v. Paulson,* 187 Or. 76, 209 P. (2d) 779.

■■ Plaintiffs' offer first described the property to be sold; second, it set out the purchase price and terms of sale; and, third, it granted a 60-day option.

The defendant's alleged acceptance in no wise indicated an agreement on the part of the defendant to pay the balance of $12,000.00 and that alone would

negative the theory of a completed contract; furthermore, defendant's escrow arrangements called for (1) a contract from plaintiffs as a condition precedent to the payment of the $8,500.00 over to plaintiffs; (2) an acceptance of the same by the defendant; and, (3) the Bank to have the right to retain and to hold a lien upon the contract and the deposit until all of the Bank's compensation, fees, costs and expenses were paid.

In our opinion the acceptance as evidenced by such escrow instructions did not conform to the terms of the offer and was equivocal, not absolute and not unconditional, and was therefore not such an acceptance as is contemplated by law in order to make a binding contract.

For the foregoing reasons, the judgment of the lower court is affirmed.